WESTERN SURETY COMPANY, Respondent, v. SCHROEDER, et al., Appellants.

(186 N. W. 562.)

(File No. 5017.   Opinion filed January 30, 1922.)

1.   **Appeals—Error—Order Overruling Demurrer, Non-assignment of Error, Remedy, Non-dismissal of Appeal, Amendment of Brief.**
      Where, on appeal from an order overruling a demurrer to a complaint, appellant's brief failed to contain an assignment of error, Supreme Court will not dismiss the appeal for want of jurisdiction, but will permit an amendment of appellant's brief by insertion of assignment of error complained of and, to avoid delay, will treat brief as though so amended and dispose of appeal on merits.

2.   **Foreclosure—Assignee of Realty Mortgage, Mortgagee's Address Lacking, Effect Re Recovery of Interest—Statute—Demurrer To Complaint Sustained.**
      In a suit by assignee of a realty mortgage to foreclose same, and to recover in addition to principal debt, some overdue

interest on the mortgage notes, the complaint containing an assignment of the mortgage in which was omitted the address of the assignee, held, under Sec. 1571, Code 1919, providing that every assignee, etc., of a realty mortgage shall file with the Register of Deeds of county where mortgage is recorded a statement showing among other things his post office address, and making it duty of Register of Deeds to enter the address on margin of recorded mortgage, and Sec. 1572, providing that no interest shall become due and collectible by mortgagee or owner of any realty mortgage until provisions of preceding sections are complied with—that the word "interest" refers only to the use, forebearance or detention of money, its ordinary meaning, and does not embrace the broader meaning of the equivalent of "share" or "part" of the debt secured; and the contention that no share or part of the principal debt becomes due and collectible until assignee's address so appears, is untenable; that the purpose of said enactment was to furnish protection to mortgagor so that, when interest on his indebtedness become due, such recorded name and address will be accessible as that of party entitled to receive payment. That the complaint states a cause of action for foreclosure of the mortgage for the principal, and trial court properly overruled demurrer thereto.

**3.   Appeals—Appeal for Delay, Demurrer to Foreclosure Complaint For Want of Assignee's Address, Costs Re Delay, Non-application of Statute.**

Where appeal was from an order overruling demurrer to a complaint in foreclosure of a realty mortgage containing a copy of assignment of mortgage from which was omitted assignee's address, the contention being that under the complaint no interest or no part of the principal was recoverable (Secs. 1571-2, Code 1919), held, that the contention that the appeal was interposed merely for delay, and that Court should, under Sec. 2601, Code 1919, award respondent damages for delay, is untenable; and, regardless of appellant's motive, Court suggest this is not an appeal from a judgment.

Appeal from Circuit Court, Lincoln County.   Hon. JOHN T. MEDIN, Judge.

Action by Western Surety Company, a corporation, against Claudia Schroeder and another, to foreclose a realty mortgage. From an order overruling a demurrer to the complaint, defendants appeal.   Affirmed.

*Herbert B. Rudolph,* for Appellants.
*Boyce, Warren & Fairbank,* for Respondent.

WHITING, J.  Action brought to foreclose a real estate mortgage securing two notes, both dated March 1, 1919, one due March 1, 1921, the other due March 1, 1929. In the complaint upon such foreclosure, plaintiff sought to recover, not only the principal alleged to be due upon said notes, but some overdue interest on same.  This action was not instituted until after March 1, 1919, when one of said notes became due.  The mortgage provided that, in case of default in the payment of the principal sum or any part thereof, the whole principal and interest shall, at the option of the holder, become due and payable; and the complaint alleged that plaintiff had exercised the option and declared the whole sum due and payable.  Attached to the complaint was a copy of the mortgage and an assignment thereof to the plaintiff. In such assignment there did not appear the address of the assignee.  Defendants demurred to the complaint upon the ground that it did not state a cause of action.  Such demurrer being overruled, defendants have appealed from the order overruling same.

[1]  Respondent calls attention to the fact that appellants' brief contains no assignment of error, and that therefore this court has no jurisdiction to pass upon the correctness of the trial court's rulings.  This appeal was solely from the order overruling the demurrer; and, while it is true that there is no assignment in the brief, there can be no question as to the exact error complained of.  Under such circumstances, this court would hardly feel justified in disregarding the merits of the case and dismissing the appeal for want of jurisdiction; but would rather feel bound to permit an amendment of the appellants' brief by an insertion therein of an assignment presenting the eror complained of.  To avoid delay incident to allowing appellants to amend, we will treat the brief as though it were already so amended, and will dispose of the appeal upon its merits.

[2]  Appellants' sole claim is that, under sections 1571, 1572, R. C. 1919, no foreclosure can be brought by the assignee of a mortgage until his address appears properly recorded in the register of deeds' office.  Section 1571, supra, provides for filing with the register of deeds a statement of the post office address of an assignee of a mortgage, and for the entry of such address upon the margin of the mortgage record; and section 1572, supra, reads:

"No interest shall become due and collectible by the mortgagee or owner of any mortgage upon any real estate in the state of South Dakota until the provisions of the preceding section have been complied with."

Appellants contend that it is the clear intent of the Legislature that the word "interest," as used in said section, should refer, not merely to the amount that is allowed by contract or statute for the use, forbearance, or detention of money—its ordinary meaning—but that it has a broader meaning therein, being used as the equivalent of "share" or "part" of the debt secured; in other words, that there is no share or part of even the principal debt "due and collectible" until the assignee's address properly appears of record. With this contention we cannot agree. The effect of section 1572, where same is applicable, is to work a forfeiture of that which otherwise would be due under a contract. Section 6, R. C. 1919, provides that words in statutes are to be understood "in their ordinary sense, except when a contrary intention plainly appears." Certainly, in the light of section 6, no court would be justified in placing such a construction upon a section designed to work a forfeiture as would give to any word in such statute any other than its usual meaning, and, by so doing, extend the operation of such section so that it would apply to other than what is ordinarily understood as "interest." We deem the purpose of sections 1571 and 1572 to be perfectly plain. They were enacted to furnish protection to the mortgagor so that, when interest upon his indebtedness becomes due, there will be accessible to him reliable information as to both the name and residence of the party entitled to receive payment of same.

We express no opinion as to whether interest may be included in a judgment of foreclosure in this case if rendered upon the facts disclosed by the complaint. The complaint states a cause of action for the foreclosure of the mortgage for the principal; therefore the trial court rightfully overruled the demurrer to the complaint.

[3] Respondent urges that it is apparent that this demurrer was interposed merely for delay, and that this court, under the authority given it by section 2601, R. C. 1919, should award respondent damages for delay caused by this appeal. Without ex-

pressing any view as to the motive of appellants, we would suggest that this is not an appeal from a judgment.

The order appealed from is affirmed.